[Crim. No. 529. Third Appellate District.—July 1, 1920.]

THE PEOPLE, Respondent, v. SAM MALONE, Appellant.

[1] CRIMINAL LAW—ROBBERY — SUFFICIENCY OF EVIDENCE — ABSENCE OF TESTIMONY—PRESUMPTION.—On appeal from a judgment of conviction of the crime of robbery, if the appellate court is not furnished with a copy of the testimony in the case, it must assume that the evidence was amply sufficient to justify the verdict.

[2] ID.—NEW TRIAL—SUBSTITUTION OF ATTORNEYS—LACK OF TIME TO PREPARE DEFENSE—FAILURE TO APPLY FOR CONTINUANCE.—In such prosecution, a motion for a new trial based upon the fact that the attorney who was employed by the defendant was taken suddenly ill, that another attorney was substituted by the court on the day of the trial, and that the latter attorney was unfamiliar with the facts in the case at the time he was appointed and was utterly unprepared to make a proper defense, is properly denied, where no application was made for a continuance of the trial.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was convicted of robbery in the superior court of the county of Stanislaus in having taken by means of force and violence from the person of one L. R. Williams certain personal property. The appeal is from the judgment and order denying defendant's motion for a new trial. The appeal has apparently been abandoned, as no appearance has been made for appellant in this court. [1] We have not been furnished with a copy of the testimony in the case and we must, therefore, assume that the evidence was amply sufficient to justify the verdict. The clerk's transcript, which we have examined, discloses no error. The information is sufficient, the instructions were fair and fully covered the law of the case, and there

is apparently no error in the ruling of the court in denying the motion for a new trial. [2] That motion was based upon the fact that the attorney who was employed by the defendant was taken suddenly ill and another attorney was substituted by the court on the day of the trial. The latter filed an affidavit on the motion for a new trial, in which he stated that he was unfamiliar with the facts in the case at the time he was appointed by the court and was utterly unprepared to make a proper defense. It is sufficient to say, however, that no application was made for a continuance of the trial, and in the absence of the record, we must assume that all of the rights of the defendant were safeguarded, that he was efficiently represented, that he had a fair and impartial trial, and that the verdict is just and legal.

The judgment and order are affirmed.